IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. LOPEZ, | No. C 13-0649 TEH (PR) |
| Petitioner, | ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING WITHOUT PREJUDICE REQUEST TO STAY FEDERAL PROCEEDINGS |
| v. | |
| GREG D. LEWIS, Warden, | |
| Respondent. | Docket ## 2, 3 |

On February 13, 2013, Petitioner Raymond E. Lopez, an inmate at Pelican Bay State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same date, Petitioner filed an application to proceed in forma pauperis (IFP) and a request to stay his petition in order to exhaust unexhausted claims. For the following reasons, the Court grants Petitioner's application to proceed IFP and DENIES WITHOUT PREJUDICE his request to stay his petition.

I

Petitioner's federal petition provides the following information.

On July 17, 2009, the Superior Court of Santa Clara County sentenced Petitioner to twenty-six years to life in prison pursuant to a conviction by a jury on one count of first degree murder with the personal use of a deadly weapon. In 2010, the California Court of Appeal affirmed the judgment. In his petition for review in the California Supreme Court, Petitioner presented two claims: (1) the

finding of premeditation and deliberation was based on insufficient evidence; and (2) the trial court gave the jury inadequate answers to its questions. On December 14, 2011, his petition for review was denied by the California Supreme Court. Petitioner filed the instant federal petition on February 13, 2013.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges seven claims, only one of which appears to have been exhausted. In his brief request for a stay, Petitioner merely indicates, "I have other constitutional violations of structural dimensions, that my appellate attorney failed to present on my direct appeal, and I need to present these claims to the state courts in order to further present them before this court." The request for a stay does not indicate what claims Petitioner wishes to exhaust, if the claims are close to being exhausted or even if Petitioner has filed a petition in state court.

2

There are two kinds of stays available in a habeas action: the Rhines stay and the King/Kelly stay.[1] A stay under Rhines v. Weber, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any such stay must be limited in time to avoid indefinite delay. Id.

The King/Kelly stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbin v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." Rhines v. Weber, 544 U.S. 269, 275 (2005). For convenience, the court refers to the combined procedure as a stay.

3

under Rhines, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 659 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. Id. at 1141-43.

Petitioner does not satisfy the requirements for a stay under Rhines because the failure of appellate counsel to present the claims to state court does not amount to good cause for Petitioner not to have exhausted them before filing his federal petition. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect impression that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under Rhines for failure to exhaust claims earlier). Any failure of counsel to present the claims fails to explain why Petitioner did not present the claims to state court in a habeas petition himself. Furthermore, Petitioner does not indicate that the claims he wishes to exhaust are not meritless and that he has not engaged in intentional dilatory litigation tactics.

Petitioner's motion also does not suffice to obtain a King/Kelly stay because it appears that his petition contains exhausted and unexhausted claims; under King/Kelly, the petition must contain only unexhausted claims.

Therefore, Petitioner's request for a stay is DENIED WITHOUT PREJUDICE to refiling a new motion for a stay that complies with the requirements under Rhine or King/Kelly. A stay pursuant to

4

<u>King/Kelly</u> does not toll the federal limitations period with respect to the unexhausted claims.  See <u>King</u>, 564 F.3d at 1141 (explaining that demonstrating timeliness when requesting amendment of newly exhausted claims back into federal petition often will be problematic given the AEDPA one-year statute of limitations).

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed IFP is GRANTED.  (Docket #2).

2. Petitioner's request for a stay is DENIED WITHOUT PREJUDICE.  (Docket #3).

3. Within twenty eight (28) days from the date of this Order, Petitioner must either pursue one of the options described above or inform the Court that he only wishes to proceed on the exhausted claims that are presented in his petition.  If Petitioner chooses this last option, he must indicate which of the claims in his petition are exhausted.

4. This Order terminates Docket ## 2 and 3.

IT IS SO ORDERED.

DATED     *3/18/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Lopez 13-649-HC Deny woprej Stay&Abey.wpd