**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND E. LOPEZ, | No. C 13-0649 TEH (PR) |
|     Petitioner, | ORDER VACATING ORDER OF DISMISSAL AND REOPENING CASE; ORDER TO SHOW CAUSE |
| v. | |
| GREG D. LEWIS, Warden, | |
|     Respondent. | |

On February 13, 2013, Petitioner Raymond E. Lopez, an inmate at Pelican Bay State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same date, Petitioner moved for a stay of his petition so that he could exhaust his unexhausted claims in state court. On March 19, 2013, the Court issued an Order Denying without prejudice Petitioner's motion for a stay and granting Petitioner twenty-eight days in which to file an amended motion for a stay or to inform the Court that he wished to proceed only on his exhausted claims. Doc. #4. The Court indicated that, if Petitioner did not respond within twenty-eight days, his petition would be dismissed without prejudice to re-filing when his claims were exhausted. Doc. #4. Petitioner did not respond within the twenty-eight days and, on April 23, 2013, the Court granted Petitioner fourteen more days in which to respond. Doc. #5. Petitioner again did not respond within fourteen days and, on May 14, 2013, the Court dismissed the petition without prejudice to re-filing when the claims were exhausted.

On May 13, 2013, Petitioner filed a response indicating

that he wished to proceed only with his exhausted claims and that the nine claims presented in his petition have been exhausted.  Doc. #6.  For good cause appearing, the Court vacates the Order of Dismissal and orders the Clerk of the Court to reopen this case.

## I

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging:

1. Insubstantial evidence supported the finding of premeditation and deliberation;

2. The trial court erred in allowing in evidence of Petitioner's violent character;

3. Prosecutorial misconduct;

4. The trial court erred by giving five improper jury instructions;

5. The cumulative effect of these errors deprived Petitioner of due process and a fair trial.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts

must construe pro se petitions for writs of habeas corpus liberally).

## II

For the foregoing reasons and for good cause shown,

1. The May 14, 2013 Order of Dismissal is vacated and the Clerk shall reopen this case.

2. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty-five (35) days of his receipt of the Answer.

4. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the

1  Court and serve on Respondent an Opposition or Statement of
2  Non-Opposition within thirty-five (35) days of receipt of the
3  motion, and Respondent shall file with the Court and serve on
4  Petitioner a Reply within fourteen (14) days of receipt of any
5  Opposition.
6       5. Petitioner is reminded that all communications with the
7  Court must be served on Respondent by mailing a true copy of the
8  document to Respondent's counsel.  Petitioner also must keep the
9  Court and all parties informed of any change of address.
10      IT IS SO ORDERED.

12 DATED    *05/16/2013*                    /s/ Thelton E. Henderson
                                            **THELTON E. HENDERSON**
13                                          United States District Judge

26 G:\PRO-SE\TEH\HC.13\Lopez 13-649-HC Reopen & Serve.wpd

**4**